# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROOSEVELT RODGERS, § <br> INDIVIDUALLY AND ON BEHALF § <br> OF ALL OTHERS SIMILARLY § <br> SITUATED, § <br> § <br> § <br> VS. § <br> § <br> § <br> § <br> TOP GAUGE ENERGY, LLC § | CIVIL ACTION NO.  2:24-cv-682 <br><br> COLLECTIVE ACTION <br> 29 U.S.C. §216(b) <br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, Top Gauge Energy, LLC (Hereinafter "Top Gauge Energy") as a result of Defendants' failure to pay Plaintiff and all those similarly situated workers overtime wages.  Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action.  For himself and all those similarly situated, the named employee seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2. Plaintiff, Roosevelt Rodgers, is a resident of Upshur County, Texas. The Plaintiff brings this action individually in his own behalf and, pursuant to §216(b) of the Fair Labor

Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Whitlow also seeks relief under the ERISA statute.

3. Top Gauge Energy, LLC is a Texas limited liability company doing business in the Eastern District of Texas with its principal place of business at 2009 Fritz Swanson Rd, Kilgore, TX 75662-6507. Defendant may be served by delivering a copy of this petition to its registered agent for service, Ronald Weaver, 2009 Fritz Swanson Rd, Kilgore, TX 75662-6507.

## JURISDICTION AND VENUE

4. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's Longview, Texas location is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

5. In November 2023, Plaintiff began his employment at Top Gauge Energy. His job at Top Gauge Energy was an intra-state truck driver; however, the work he did for Top Gauge Energy was not exempt as defined under 29 CFR part 451. Plaintiff alleges that he was paid a percentage of the revenue generated by his water truck. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

6. Plaintiff believes and, therefore, allege that the failure of Defendant to pay Plaintiff and all those similarly situated for overtime pay was intentional.

7. While employed with Top Gauge Energy, Plaintiff regularly worked over 40 hours per work week. Plaintiff drove a truck but did not cross state lines in the course and scope of his employment with Top Gauge Energy. Even though Plaintiff regularly worked over 40 hours per work week, he was not compensated with any overtime wages.

8. While in the course of his employment with Top Gauge Energy, Plaintiff was familiar with the job functions of his co-workers who also were truck drivers that regularly worked over 40 hour per work week. Plaintiff believes and therefore alleges that there is a group of other intra-state truck drivers who were not paid overtime wages by Top Gauge Energy.

## CLAIMS

### *First Claim for Relief – FLSA*

9. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

10. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Rodgers brings this action in his individual capacity and as a collective action. As alleged in detail elsewhere herein, Plaintiff Rodgers seeks this court's appointment and/or designation as representative of a class of similarly situated employees of Top Gauge Energy who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous truck drivers who were not paid for all overtime hours worked for Top Gauge Energy as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Top Gauge Energy truck drivers.

11. Whitlow specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

12. Plaintiff, individually and as a representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from Defendant the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Benefits under the ERISA plan;
6. Court costs;
7. Attorneys' fees; and
8. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS